IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICKIE WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| LAMBENT RISK MANAGEMENT | ) | |
| SERVICES, INC., | ) | Magistrate Judge |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT

Plaintiff Vickie Wallace, through her attorneys, against Defendant Lambent Risk Management Services, Inc., (hereafter "Defendant") states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), for Defendant's: 1) failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred within this judicial district.

### III. PARTIES

**Plaintiff**

3. During the course of her employment, Vickie Wallace:

   a. handled goods that moved in interstate commerce;

   b. Was an "employee" of Defendant as that term is defined by the FLSA, and the IMWL;

   c. Was not exempt from the overtime wage requirements of the FLSA, and IMWL; and

   d. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendant**

4. Within the relevant time period, Defendant Lambent Risk Management Service:

   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

   c. Has had two or more employees that have handled goods that have moved in interstate commerce; and

   d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), and the IMWL, 820 ILCS 105/3(c) *et seq.*

### IV. FACTUAL BACKGROUND

5. Defendant operates an insurance brokerage providing risk management services to business in the greater Chicago area.

6. Defendant's main office is located on 33 N LaSalle, Ste 1150, in Chicago Illinois.

7. Plaintiff worked for Defendant from approximately mid 2013 through approximately early May 2017.

8. Plaintiff's last rate of pay was $20.14 per hour.

9. Plaintiff worked for Defendant as a claims examiner.

10. Throughout the majority of the three year relevant time period preceding the filing of this lawsuit, Plaintiff was paid on an hourly basis.

11. Prior to Plaintiff being paid on an hourly basis, Plaintiff was misclassified as an exempt employee and paid on a salary basis.

12. Within the three years prior to the filing of this lawsuit, Defendant regularly directed Plaintiff to work in excess of forty hours per individual work week.

13. Plaintiff regularly worked in excess of forty hours per week during individual work weeks.

14. Defendant failed to pay Plaintiff at time and half Plaintiff's regular rate for all time worked in excess of forty hours per week.

15. Defendant's failure to compensate Plaintiff for all time worked in excess of forty (40) hours per week at time and a half her regular rate violated the overtime requirements of the FLSA, and IMWL.

## COUNT I

### Violation of the Fair Labor Standards Act- Overtime Wages

16. Plaintiff incorporates and re-alleges paragraphs 1 through 15 of this Complaint, as though set forth herein.

17. The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

18. Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendant.

19. Plaintiff was not exempt from the overtime wage provisions of the FLSA.

20. Defendant violated the FLSA by failing to compensate Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

21. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendant has violated the FLSA;

D. That the Court enjoin Defendant from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just

## COUNT II
### Violation of the Illinois Minimum Wage Law- Overtime Wages

22. Plaintiff incorporates and re-alleges paragraphs 1 through 21 of this Complaint, as though set forth herein.

23. The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

24. Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendant.

25. Plaintiff was not exempt from the overtime wage provisions of the IMWL.

26. Defendant violated the IMWL by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay.

27. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all overtime wages due to Plaintiff as provided by the IMWL;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendant has violated the IMWL;

D. That the Court enjoin Defendant from violating the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 18, 2017

s/Alvar Ayala
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiff's Attorneys