**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VICKIE WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 CV 5274 |
| v. | ) | |
| | ) | Judge Blakey |
| LAMBENT RISK MANAGEMENT SERVICES, INC., | ) | |
| | ) | Magistrate Judge Rowland |
| | ) | |
| Defendant | ) | |
| | ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FLSA CLAIMS AND FOR
PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff, Vicki Wallace, and Defendant, Lambent Risk Management Services, Inc. (collectively, the "Parties") jointly move for approval of the settlement of the above-referenced matter and to dismiss this action without prejudice, with such dismissal to automatically convert to a dismissal with prejudice 14 days after such filing (in order to allow the parties to carry out the terms of such settlement during such 14-day period). In support of their motion, the parties state as follows:

1. Plaintiff filed her original Complaint on July 18, 2017, alleging, *inter alia,* that:

This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendant's: 1) failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL.

(Dkt. No. 1, at ¶1.)

2. Plaintiff filed a First Amended Complaint on December 12, 2017, making class allegations and bringing Plaintiff's FLSA claims as an FLSA Section 216(b) collective action,

and her IMWL, and IWPCA claims as Rule 23 class actions. Plaintiff's First Amended Complaint alleged, *inter alia,* that:

> This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendant's: 1) failure to pay overtime wages to Plaintiff and similarly situated employees in violation of the FLSA and the IMWL; 2) Defendant's failure to compensate Plaintiff and similarly situated employees for all time worked at the rate agreed to by the Parties; and 3) Defendant's failure to compensate Plaintiff and similarly situated employees for all accrued vacation pay. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL, Plaintiffs seek to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b).
> (Dkt. No. 24, at ¶1.)

3. In the interest of avoiding unnecessary litigation, the Parties engaged in good-faith, arms-length negotiation, the Parties reached a mutually satisfactory agreement to resolve this matter on an individual basis. The proposed settlement is attached hereto as Exhibit A.

4. Given that Plaintiff's claims have been resolved on an individual basis, Plaintiff first seeks leave to file a Second Amended Complaint eliminating the class action and collective action allegations from her Complaint. See Plaintiff's Proposed Second Amended Complaint attached hereto as Exhibit B.

5. This is an action seeking the recovery of wages under the FLSA. As such, the settlement requires Court approval. See*, Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010). See also *Salcedo v. D'Arcy Buick GMC, Inc.,* 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016) citing *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

6. The Parties request that the Court find that the settlement reached between them is fair and reasonable. *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d at 995. Factors considered when reviewing settlement agreements for FLSA collective actions include "the range of

reasonableness of the settlement fund in light of the best possible recovery and all the risks of litigation," such as the risks of establishing liability and damages. Id. See also *Butz v. Automation Sols. of Am.,* No. 16-cv-696-jdp, 2017 U.S. Dist. LEXIS 142614, at *3 (W.D. Wis. Sep. 5, 2017)

7. Here, the resolution of this FLSA matter meets these standards for approval. There is no allegation, much less evidence, of fraud, undue influence, overreaching, collusion or intimidation. To the contrary, the resolution of this matter was the result of contested litigation between the Parties, both of whom were represented by experienced counsel.

8. While Defendant denied that it violated the FLSA, IMWL or IWPCA, the Parties recognized the uncertain legal and factual issues involved. As a result, Defendant informally produced to Plaintiff comprehensive payroll and timekeeping data, which were carefully reviewed by counsel for Plaintiff.

9. This case involved a claim by Plaintiff that she was not paid for all time worked, including time worked that was in excess of forty hours per week, resulting in violations of the FLSA. Defendant maintains that Plaintiff's allegations as to her time worked are inaccurate and that Plaintiff failed to follow proper procedure for clocking in and out. Defendant also maintains that Plaintiff disobeyed directives not to work in excess of forty hours per week without prior written approval.

10. While Plaintiff disputes Defendant's allegations, these defenses demonstrate that prevailing on the merits is uncertain, and settlement is in the interest of all Parties. The agreement between the Parties will allow Plaintiff to recover wages that she is allegedly owed for time worked in excess of forty (40) hours per week at time and a half her regular rate of pay. Plaintiff will also recover part of the straight time wages she alleged that she was owed, plus attorneys' fees and costs.

11. The Parties agree that the terms of the settlement are fair and reasonable. The settlement amount will allow Plaintiff to recover the unpaid overtime wages she alleges she is owed under her theory of the case and her attorneys fees and costs. The settlement amount will also allow Plaintiff to recover part of the straight wages she alleges she is owed under the IWPCA. Plaintiff's recovery for straight time wages is fair in light the risk presented by Defendant's position that the Parties did not have an agreement to pay Plaintiff for allegedly unauthorized work.

12. In consideration of the Parties' agreement, and provided the Court approves the settlement, the Parties also move to dismiss this action without prejudice, with such dismissal to automatically convert to a dismissal with prejudice 14 days after such filing (in order to allow the Parties to carry out the terms of such settlement during such 14-day period).

WHEREFORE, the Parties respectfully request that this Court enter an order (1) granting Plaintiff leave to file a Second Amended Complaint; (2) approving the settlement; and (3) dismissing this action without prejudice, with such dismissal to automatically convert to a dismissal with prejudice 14 days after such filing (in order to allow the Parties to carry out the terms of such settlement during such 14-day period).

Respectfully submitted:

For Plaintiffs:

s/Alvar Ayala
Alvar Ayala
Christopher J Williams
53 W Jackson Blvd., Ste. 701
Chicago, IL 60604
Tel: (312) 795-9121
Fax: (312) 929-2207
Attorney of Plaintiff

For Defendants:

s/Robert H. Smeltzer
Robert H. Smeltzer
Emily E. Bennet
Howard & Howard
200 s Michigan Ave., Suite 1100
Chicago, IL 60604
Tel: (312) 456-3409
Fax: (312) 939-5617

4

Dated:  July 17, 2018                                              Dated:  July 17, 2018

*Attorneys for Plaintiff*                                              *Attorneys for Defendant*

# Exhibit A

## **SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") is entered into between VICKIE WALLACE on behalf of herself, her agents, representatives, assignees, heirs, executors, beneficiaries, trustees (collectively, "Employee") and LAMBENT RISK MANAGEMENT, INC., ("Employer").

### **RECITALS**

**WHEREAS,** Employee filed a Complaint with the United States District Court for the Northern District of Illinois alleging violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act, such case identified by case number 17-CV-5274 (the "Lawsuit"); and

**WHEREAS,** Employee wishes to drop her class and collective action allegations and pursue only her individual rights under the stated statutes; and

**WHEREAS,** Employee and Employer now desire to avoid further litigation between them and, by this Agreement, intend to resolve all matters that were raised or that could have been raised by Employee, including but not limited to those matters pertaining to the alleged non-payment of minimum wages, overtime pay, and vacation pay arising out of or relating to her employment by Employer.

Therefore, in consideration of the mutual promises set out below, the parties agree as follows:

1. **Consideration**

In consideration for the promises in this Agreement, Employer shall pay Employee the gross sum of Nine Thousand Four Hundred Dollars and 00/100 ($9,400.00) and her attorneys, Workers' Law Office, P.C. (FEIN #68-0621167), the gross sum of Five Thousand One Hundred Dollars and 00/100 ($5,100.00). An IRS Form W-2 will be issued to Employee and an IRS Form 1099 will be issued to Workers' Law Office, P.C., by the Employer for each of the above referenced payments. Employer shall prepare Employee's IRS W-2 Form using tax documents Employer currently has on file for Employee. All payments to Employee and Employee's Counsel, as well as IRS forms issued to Employee and her Counsel, shall be sent to 53 W. Jackson Blvd., Suite 701, Chicago, IL, 60604. Payment will be issued within seven (7) days of the Parties settlement receiving Court approval as described in paragraph 3 below.

2. **Settlement framework**

Given that Plaintiff wishes to drop her class and collective allegations and pursue only her individual rights/resolve this matter on an individual basis, Plaintiff will file an Unopposed Motion for Leave to File Second Amended Complaint converting Plaintiff's claim into an individual action, only, under the FLSA, IMWL and IWPCA, within seven (7) days of the

1

Parties executing this settlement agreement. If this settlement does not receive Court approval as described in paragraph 3 below, Defendant will not oppose any Motion by Plaintiff to file an Amended Complaint seeking Rule 23 and FLSA 216(b) class certification of Plaintiff's claims under the FLSA, IMWL, and IWPCA.

3. **Approval**

Within seven (7) days of the Parties executing this settlement agreement, the Parties shall file a joint motion with the Court seeking approval of the settlement between the Parties. This settlement shall be contingent on the Court approving both the Unopposed Motion for Leave to file a Second Amended Complaint and the terms of this settlement between the Parties.

4. **Release and Covenant Not to Sue**

Employee hereby fully, forever, irrevocably and unconditionally releases, remises and discharges Employer, its subsidiaries, parent companies, predecessors, and successors and all of their respective past and present officers, directors, stockholders, partners, members, employees, agents, representatives, plan administrators, attorneys, insurers and fiduciaries (each in their individual and corporate capacities) (collectively, the "Released Parties"), from any and all claims, charges, complaints, actions, causes of action, suits, rights, debts, sums of money, costs, covenants, contracts, agreements, promises, doings, omissions, damages, obligations, liabilities, expenses, attorneys' fees and costs of every kind and nature (collectively, "Claims") that Employee ever had or now has against any of the Released Parties on account of any act or occurrence arising prior to the time she executes this Agreement, including, but not limited to: any and all Claims arising out of or relating to her employment with and/or separation from the Company, including, but not limited to, all Claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., **the Age Discrimination in Employment Act**, 29 U.S.C. § 621 et. seq. (the "ADEA"), the Older Workers Benefits Protection Act ("OWBPA"), the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff et seq., the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, 18 U.S.C. 1514(A); the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; Executive Order 11246 and Executive Order 11141; the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.; the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., the Equal Pay Act, COBRA, the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the Sarbanes-Oxley Act, and the Worker Adjustment and Retraining Notification Act ("WARN"), all as amended; all Claims arising out of the Texas Commission of Human Rights Act and the Constitutions of the United States and/or the State of Texas; all common law Claims including, but not limited to, actions in/for defamation, intentional infliction of emotional distress, misrepresentation, fraud, wrongful or retaliatory discharge, and breach of contract; all Claims for bonus or other compensation or equity; all Claims arising out of or relating to any status as an officer, director or member of the Released Parties; all Claims to any non-vested ownership interest in the Company, contractual or otherwise; and any Claims under any common law theory or any federal, state, international or local law, statute or ordinance not expressly referenced above; provided, however, that nothing in this Agreement: (a) waives your right to challenge the validity of this release under OWBPA; (b) prevents you from filing a charge with, cooperating with, or participating in any proceeding before the Equal Employment

Opportunity Commission or a state fair employment practices agency (except that you acknowledge that you may not recover any monetary benefits in connection with any such claim, charge or proceeding); (c) waives your right to challenge any breach of (or to enforce) this Agreement; or (d) waives any other right that may not be waived by applicable state or federal law.

By signing below, Employee acknowledges that: (a) she may subsequently discover facts in addition to or different from those that he now knows or believes to be true with respect to the Claims referenced in this paragraph; and (b) she may have sustained or may yet sustain damages, costs, or expenses that are presently unknown and that relate to those Claims. Employee acknowledges, however, that she has knowingly and voluntarily agreed upon and entered into this release with full knowledge of these possibilities, and agrees that this release and the waiver of Claims included in it shall not be affected in any manner whatsoever if any of these possibilities occur.

In further consideration of the release of the Employee's claims against Employer, Employer waives, releases and forever discharges Employee from and for any and all Claims, whether known or unknown, in law or in equity, which accrued prior to the date of this Agreement.

Employee and Employer understand and agree that they may not reinstate a lawsuit or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against the other, except in an action instituted by either party alleging a breach of this Agreement.

5. **Consideration Period, Advise to Consult Attorney and Right of Revocation**

Because of the scope of the releases in paragraph 4, **which includes a waiver of your rights and Claims under the ADEA and OWBPA,** Employee is hereby advised that you have a period of 21 days from the receipt of the Agreement to consult with counsel of her own choosing prior to execution and in fact **should consult with an attorney prior to executing this Agreement and release.** If Employee does not execute this Agreement and release within the 21 day time period referenced above, it shall be deemed rejected by Employee and withdrawn by the Employer. Also, **in the event you do execute this Agreement and release, you shall have seven (7) days from the date you execute it to revoke your acceptance**. Accordingly, neither this Agreement nor the release contained therein shall be deemed effective or enforceable until the eighth (8th) day after Employee execute it (the "Effective Date"). Any revocation of this Agreement and release must be in writing, signed by you and delivered to counsel for Employer, Robert Smeltzer at Howard & Howard, PLLC, 200 S. Michigan St., Suite 1100, Chicago, IL 60602 or emailed to him at rsmeltzer@howardandhoward.com, return receipt requested, prior to the expiration of the seven (7) day revocation period.

6. **Non-Admission**

Employee and Employer agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Employer. On the contrary, Employer continues to deny all allegations of the

complaints filed in this case. Employee and Employer further agree that this Agreement shall not be admissible in any proceeding (without the written consent of the parties or unless ordered by a court of competent jurisdiction), except one instituted by either party alleging a breach of this Agreement.

### 7. Choice of Law and Forum

Employee and Employer agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Any dispute over its terms, its breach or its enforcement shall be brought exclusively in a state or federal court within Cook County, Illinois.

### 8. Entire Agreement

Employee and Employer further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Employee and Employer.

### 9. Full Knowledge, Consent, And Voluntary Signing

The parties also agree that they are entering into this agreement knowingly, voluntarily, and with full knowledge of its significance; they have not been coerced, threatened, or intimidated into signing this agreement; and they have been advised to consult with an attorney, and in fact have been represented by counsel in this matter.

### 10. Stipulation of Dismissal

Employee shall file a stipulation to dismiss this matter with prejudice within seven days of Employee receiving payment from Employer as described in paragraph 1 above.

### 11. Severability

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Employee and Employer agree that the remaining portions of the Agreement shall not be affected and shall be given full force and effect.

*******

This Agreement may be executed in counterparts. Faxed and emailed signatures shall be treated as originals.

5

VICKIE WALLACE					LAMBENT RISK MANAGEMENT, INC.


_____				_____


Date: _____				Date: _____

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICKIE WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 CV 5274 |
| v. | ) | |
| | ) | Judge Blakey |
| LAMBENT RISK MANAGEMENT | ) | |
| SERVICES, INC., | ) | Magistrate Judge Rowland |
| | ) | |
| Defendant | ) | |
| | ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff Vickie Wallace, through her attorneys, against Defendant Lambent Risk Management Services, Inc., (hereafter "Defendant") states as follows:

## I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") for Defendant's: 1) failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL; 2) Defendant's failure to compensate Plaintiff for all time worked at the rate agreed to by the Parties; and 3) Defendant's failure to compensate Plaintiff for all accrued vacation pay.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred within this judicial district.

### III. PARTIES

**Plaintiff**

3. During the course of her employment, Vickie Wallace:

   a. handled goods that moved in interstate commerce;

   b. Was an "employee" of Defendant as that term is defined by the FLSA, and the IMWL;

   c. Was not exempt from the overtime wage requirements of the FLSA, and IMWL; and

   d. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendant**

4. Within the relevant time period, Defendant Lambent Risk Management Service:

   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

   c. Has had two or more employees that have handled goods that have moved in interstate commerce; and

   d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), and the IMWL, 820 ILCS 105/3(c) *et seq.*

## IV. FACTUAL BACKGROUND

5. Defendant operates an insurance brokerage company that provides risk management services to businesses in the greater Chicago area.

6. Defendant's main office is located on 33 N LaSalle, Ste 1150, in Chicago Illinois.

7. Plaintiff worked for Defendant from approximately early 2013 through approximately early May 2017.

8. Plaintiff's last rate of pay was $20.14 per hour.

9. Plaintiff worked for Defendant as a claims examiner.

10. Throughout the three year relevant time period preceding the filing of this lawsuit, Plaintiff was paid on an hourly basis.

11. Plaintiff had an agreement with Defendant to be paid at an hourly rate for all time worked.

12. Within the three years prior to the filing of this lawsuit, Defendant regularly directed Plaintiff to work in excess of forty hours per individual work week.

13. Plaintiff regularly worked in excess of forty hours per week during individual work weeks.

14. Plaintiff was not paid for all time worked at the rate agreed to by the Parties.

15. Plaintiff was not paid at all for several hours she worked for Defendant each week, including hours worked in excess of forty hours per week.

16. Defendant failed to pay Plaintiff for all time worked in excess of forty hours per week at time and a half Plaintiff's regular rate.

17. Defendant's failure to compensate Plaintiff for all time worked in excess of forty (40) hours per week at time and a half her regular rate violated the overtime requirements of the FLSA, and IMWL.

18. Defendant's failure to pay Plaintiff for all time worked at the rate agreed to by the Parties violated the IWPCA.

19. Defendant had a vacation policy while Plaintiff was employed by Defendant pursuant to which Plaintiff earned vacation pay as she worked for Defendant.

20. Plaintiff earned vacation pay during the time she worked for Defendant.

21. Pursuant to Illinois law, vacation pay vests as it is earned.

22. Plaintiff was not paid for or given all of her earned vacation time when it became due and owing in violation of the IWPCA.

## COUNT I

### Violation of the Fair Labor Standards Act- Overtime Wages

23. Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this Complaint, as though set forth herein.

24. The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

25. Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendant.

26. Plaintiff was not exempt from the overtime wage provisions of the FLSA.

27. Defendant violated the FLSA by failing to compensate Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

28. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendant has violated the FLSA;

D. That the Court enjoin Defendant from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just

**COUNT II**
**Violation of the Illinois Minimum Wage Law- Overtime Wages**

29. Plaintiff incorporates and re-alleges paragraphs 1 through 28 of this Complaint, as though set forth herein.

30. The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

31. Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendant.

32. Plaintiff was not exempt from the overtime wage provisions of the IMWL.

33. Defendant violated the IMWL by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay.

34. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all overtime wages due to Plaintiff as provided by the IMWL;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendant has violated the IMWL;

D. That the Court enjoin Defendant from violating the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Wage Payment and Collection Act

Plaintiff incorporates and re-alleges paragraphs 1 through 34 of this Complaint, as though set forth herein.

35. This Count arises from Defendant's violation of the IWPCA for its failure to pay Plaintiff earned wages for all time worked at the rate agreed to by the parties, described more fully in paragraphs 5-22, *supra*.

36. During the course of her employment, Plaintiff had an agreement with Defendant to be compensated for all hours worked at the rate agreed to by the parties.

37. Defendant did not compensate Plaintiff for all hours worked at the rate agreed to by the parties.

38. Plaintiff was entitled to be paid for all time worked at the rate agreed to by the parties.

39. Defendant's failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all overtime wages due to Plaintiff as provided by the IWPCA;

B. Statutory damages pursuant to the formula set forth in the IWPCA, 820 ILCS 115/14;

C. That the Court declare that Defendants violated the IWPCA;

D. Reasonable attorneys' fees and costs as provided by the IWPCA;

E. Such other and further relief as this Court deems appropriate and just

## COUNT VI

### Violation of the Illinois Wage Payment and Collection Act – Vacation Pay

Plaintiff hereby realleges and incorporates paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

40. This Count arises from Defendant's violation of the IWPCA, 820 ILCS 115/1 *et seq.*, for its failure to compensate Plaintiff for all earned vacation pay as described more fully in paragraphs 5-22, *supra*.

41. At the time of hire with Defendant, and during their employment with Defendant, Plaintiff was subject to a vacation policy that provided that after working a set number of hours with Defendant, Plaintiff would receive paid vacation.

42. The IWPCA provides that, in Illinois, earned vacation pay vests proportionally as labor is performed. 820 ILCS 115/2 & 5. 56 Ill. Admin. Code §300.520.

43. During the IWPCA class period, Plaintiff earned vacation pay but did not receive a *pro rata* share of their earned vacation pay as part of their final wages.

44. Upon termination, an employee is entitled to receive the monetary equivalent of earned vacation pay as a part of his/her final compensation pursuant to Illinois law. 820 ILCS 115/2 & 5. 56 Ill. Admin. Code §300.520.

45. At the time of her termination from employment, Plaintiff was not paid the monetary equivalent of her earned vacation by the Defendant as a part of her final compensation.

46. Defendant's policy and practice not paying Plaintiff as part of her final compensation violated the IWPCA.

WHEREFORE, Plaintiff and the class prays for a judgment against Defendant as follows:

A. A judgment in the amount of the monetary equivalent of all earned vacation pay due Plaintiff as provided by the IWPCA;

B. That the Court declare that Defendant's vacation policy violates the IWPCA;

C. That the Court enjoin Defendant from violating the IWPCA in the future;

D. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq*;

E. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 17, 2018

s/Alvar Ayala
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiff's Attorneys